■ PETER VOUTSAS, Appellant, v BLAKE N. SOPER et al., Respondents. [924 NYS2d 367]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about November 20, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's failure to disclose his present fraud claims as an asset in his prior 1999 bankruptcy proceeding deprived him of the legal capacity to bring these claims (*see Whelan v Longo*, 7 NY3d 821 [2006]; *Barranco v Cabrini Med. Ctr.*, 50 AD3d 281 [2008]). Defendants made a prima facie showing that plaintiff knew or should have known, before the filing of the bankruptcy petition, of defendants' filing of the certificate of dissolution with the Secretary of State. Defendants submitted evidence showing that (1) plaintiff had received and cashed a distribution check from the dissolved company in April 1996; (2) the last income tax return and schedule K-1 for the company showed they were for the tax year ending May 24, 1996 and were marked "Final Return" and "Final K-1"; (3) plaintiff stopped reporting income from the company in his personal income tax returns since 2000; (4) he did not disclose his interest in the company as an asset in his 1999 bankruptcy petition; and (5) he had not discussed the company with defendants since 1996, although they spoke on

the phone daily while plaintiff was on sales trips. The company's accountant also testified at his deposition that he had apprised plaintiff of the dissolution in the spring of 1999, shortly before plaintiff filed the bankruptcy petition. Plaintiff's contentions in opposition to the motion are unsupported by the evidence, and thus, fail to raise triable issues of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Richter, JJ.